## JAMES CROWLEY vs. RHODA M. PENDLETON.

The defendant had agreed, if the plaintiff would go into partnership with *L*, to furnish half the money for the business. In a suit to recover half the money paid out by the plaintiff in the purchase of stock for the business, the defendant claimed that the plaintiff had made some of the purchases on his own account, and had acquired and owned a larger interest than a half in the partnership property. The plaintiff had afterwards sold his interest to a third person, describing it in the bill of sale as a half interest, and on the trial offered the bill of sale in evidence. The defendant offered in evidence the declaration of the plaintiff to the purchaser, made at the time of the sale, that he claimed to own more than half. Held not to be inadmissible as contradicting the bill of sale.

The bill of sale being to a third party, the defendant was not affected by it, and could introduce the parol evidence without reference to it.

The court below excluded the evidence, but afterwards admitted it on the ground that the bill of sale was ambiguous and needed explanation. Held, on a

motion of the defendant for a new trial, that the error in ruling the evidence out had been rendered harmless.

The suit being brought, not for a breach of the contract of the defendant, but for half the money expended by the plaintiff in purchasing stock, assumpsit for money paid out was a proper remedy.

The question whether an action is properly brought can not be made upon a motion for a new trial.

Assumpsit for money paid out and expended; brought by appeal from a justice of the peace to the Court of Common Pleas of New London County, and tried to the court on the general issue before *Mather, J.* Facts found and judgment rendered for the plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*A. F. Crafts,* in support of the motion.

*W. Sheffield* ana *T. M. Waller,* contra.

Park, C. J. There are no questions of law presented by the record in this case, except as to the correctness of the ruling of the court upon the question of evidence, and whether the plaintiff can recover the amount of his claim under the common count of his declaration for money paid out and expended.

It appears that the defendant, in the year 1874, proposed to the plaintiff that if he would form a copartnership with one Lee in the livery business, and carry on the business at her barn, she would furnish one-half of the necessary capital, not exceeding $1,000 for such half. The plaintiff accepted the proposition. In pursuance of the agreement the defendant gave $400 to Lee, and requested him as her agent to go with the plaintiff to Providence, and purchase stock for the business. They went accordingly, and purchased stock to the amount of $960. They subsequently purchased other stock, making in all the sum of $1,868.70 expended in the several purchases. Of this amount the defendant furnished at different times. in cash and in what was received as cash, the sum of $850.

This suit was brought to recover of the defendant the balance of her half of the amount thus expended for stock. On

the trial of the cause the parties were in controversy as to whether the stock in excess of $1,700 was purchased by the plaintiff on his own account, thus giving him more than one-half interest in the stock, as the defendant claimed, or whether it was purchased under the original agreement between the parties, as the plaintiff claimed.

It appears further in the case that after the business had been carried on for a time, the plaintiff sold his interest in the partnership to one Chapman, and gave him a bill of sale of it. In the bill of sale the plaintiff's interest is described as one undivided half of the partnership property.

On the trial the plaintiff offered in evidence the bill of sale, and subsequently the defendant offered to prove the declaration of the plaintiff to Chapman at the time the bill of sale was given, that he claimed to own more than one undivided half interest in the property. The plaintiff objected to the evidence, on the ground that all declarations regarding the sale were merged in the written document. The court sustained the objection, and ruled out the evidence. We think the court erred in this ruling. The bill of sale was not given between the parties to the suit; nor was the defendant claiming title to property under the bill of sale. The document was given by the plaintiff to a third party, and it concerned matters in which the defendant had no interest; and she could not, therefore, be bound or in any manner affected by any statements made in it. They were also the admissions of a party to the suit against the claim he was then making, and ought to have been received on that ground. But subsequently the defendant offered the same declarations in evidence, on the ground that the bill of sale was ambiguous and needed explanation, and the court admitted the evidence, though objected to by the plaintiff. We think that, by this admission of the evidence, the error of the court in ruling it out in the first instance, was rendered harmless.

It is further claimed by the defendant that the plaintiff cannot recover his claim under the common count for money paid out and expended. This claim cannot be properly made in the case, for there is no motion in error; and questions of

this character cannot be considered upon motions for a new trial. But it will be observed that the plaintiff's cause of action is not based on a breach of the defendant's contract, but upon money paid out by him under the contract, for her benefit and at her request, and which expenditure she subsequently ratified and confirmed. Surely this is a proper claim under the common count for money paid out and expended.

A new trial is not advised.

In this opinion the other judges concurred.